UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY LACROIX,

    Plaintiff,

        v.                                CAUSE NO. 3:23-CV-364-DRL-MGG

RON NEAL *et al.*,

    Defendants.

## OPINION AND ORDER

Terry LaCroix, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. LaCroix is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. LaCroix is an inmate at Indiana State Prison. He alleges that on May 3, 2021, Officer Webb (first name unknown), Officer Wheeler (first name unknown), and an unidentified officer passed out lunch trays in his unit. While this was happening, the

inmate in the cell next to Mr. LaCroix allegedly stole the chicken off his tray. The unnamed officer said he would bring Mr. LaCroix another tray. A few hours passed and he did not get another lunch tray. Officer Wheeler later came by passing out clothing. He asked Officer Wheeler about his lunch tray but the officer was allegedly "disrespectful" to him and "smirked" at him. Mr. LaCroix then "grabbed ahold" of the clothing cart Officer Wheeler was pushing because he was "starving." Officer Wheeler and another officer tried to pull the cart away from him, but when that didn't work Officer Wheeler allegedly grabbed a hold of his thumb and "started bending it back." He claims the officer was trying to break his thumb and was "smug" with him. When Mr. LaCroix took his hands off the cart Officer Wheeler "let go."

Some time later Officer Webb brought him another lunch tray, but she then gave his chicken and cookie to the inmate who had stolen his chicken the first time. She then allegedly "walked down the range allowing inmates to spit in the tray." She gave him the tray but he asked her for another one that was "clean." She refused, and he ate the food even though it had spit in it because he was "starving."[1] Based on this incident, he sues Warden Ron Neal, Officer Webb, and Officer Wheeler for monetary damages.

---

[1] He mentions that his food had allegedly been "messed with" for months, but he has another lawsuit pending in which he claims Officer Webb allowed inmates to contaminate his food with their urine during 2020 and 2021. *See LaCroix v. Neal, et al.*, 3:23-CV-363-DRL-JEM (N.D. Ind. filed May 3, 2023). He cannot use the *in forma pauperis* statute to file lawsuits containing duplicative claims. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (federal suit may be dismissed when it duplicates claims in another pending lawsuit). The court will presume that he did not intend to reassert claims about Officer Webb contaminating his food with inmates' urine and merely included some of the same information as background.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* at 834. On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Id.*; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Farnham*, 394 F.3d at 478.

Giving Mr. LaCroix the inferences to which he is entitled at this stage, he has alleged an Eighth Amendment claim against Officer Webb. "The Constitution mandates that prison officials provide inmates with nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citation and quotations omitted); *see also Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (inmates are entitled to adequate food under the Eighth Amendment). Mr. LaCroix claims that Officer Webb deliberately contaminated his lunch tray by allowing other inmates to spit in it. When he asked for another tray, she allegedly refused. He claims he had no choice but to eat the food because he was very hungry. It can be plausibly inferred

from his allegations that Officer Webb acted intentionally or at least with reckless disregard of the health consequences he might suffer from eating food contaminated with other inmates' spit. Further factual development may show that these events did not occur as he describes, but he has alleged enough to proceed on a claim for damages against Officer Webb.

He also appears to be claiming excessive force by Officer Wheeler. Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Based on the circumstances Mr. LaCroix describes, Officer Wheeler was faced with a difficult situation involving an unruly inmate who grabbed on to the cart he was pushing and refused to let go. "Inmates cannot be permitted to decide which orders they will obey, and when they will obey them." *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984). From Mr. LaCroix's own account, once he let go of the cart, the use of force ceased. He does not describe any injury he suffered from this incident, other than the pain he experienced when his thumb was being bent backward. Based on what he has alleged, the court cannot plausibly infer that Officer Wheeler used force maliciously and

4

sadistically to cause harm, rather than in a good-faith effort to restore order in the prison. *Hendrickson*, 589 F.3d at 890.

The other conduct he attributes to Officer Wheeler and Officer Webb, such as "smirking" at him or speaking to him "disrespectfully," cannot be considered the type of severe deprivation that amounts to cruel and unusual punishment. *See Dobbey v. Ill. Dep't of Correction*, 574 F.3d 443, 445 (7th Cir. 2009). "Relationships between prisoners and prison staff are not always marked by genteel language and good manners," but this does not violate the Constitution. *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019).

He also names Warden Ron Neal as a defendant but does not mention him in the narrative section of the complaint. It appears he is trying to hold Warden Neal liable for damages because of his position, but this is not a viable basis for imposing liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Supervisory correctional staff can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is insufficient factual content in the complaint from which the court could plausibly infer that Warden Neal knew about unconstitutional conduct by a subordinate officer and condoned it, facilitated it, or approved of it.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Webb (first name unknown) in her personal capacity for monetary damages for allowing other inmates to

5

contaminate his food with their spit on or about May 3, 2021, in violation of the Eighth Amendment;

(2) DISMISSES Ron Neal and Officer Wheeler as defendants;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Webb (first name unknown) at the Indiana Department of Correction and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(6) ORDERS Officer Webb to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 31, 2023                                             *s/ Damon R. Leichty*
                                                          Judge, United States District Court