UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY LACROIX,

        Plaintiff,

        v.                           CAUSE NO. 3:23-cv-364-JD-MGG

RON NEAL *et al.*,

        Defendants.

OPINION AND ORDER

Terry LaCroix, a prisoner without a lawyer, is proceeding in this case against Officer Tonda Webb "in her personal capacity for monetary damages for allowing other inmates to contaminate his food with their spit on or about May 3, 2021, in violation of the Eighth Amendment[.]" ECF 6 at 5-6. On December 20, 2023, Officer Webb filed a motion for summary judgment, arguing Mr. LaCroix didn't exhaust his administrative remedies before filing this lawsuit. ECF 13. With the motion, Officer Webb provided Mr. LaCroix the notice required by N.D. Ind. L.R. 56-1(f). ECF 16. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to statement of material facts, which includes a citation to evidence supporting each dispute of fact. The court extended Mr. LaCroix's deadline

until April 4, 2024, but this deadline passed over a month ago and Mr. LaCroix hasn't responded. ECF 22. The court will now rule on Officer Webb's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion."

*Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner

must file complaints and appeals in the place, and at the time, the prison's administrative

rules require." *Id.*

Officer Webb provides an affidavit from the Grievance Specialist at Indiana State

Prison (ISP) and Mr. LaCroix's grievance records.[1] During all relevant times, an Offender

Grievance Process was in place at ISP. ECF 14-1 at 2. The Offender Grievance Process

requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at

resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department

Grievance Manager. *Id.*; ECF 14-2 at 3. If an inmate submits a grievance which is rejected

by the grievance office, "[i]t shall be the responsibility of the offender to make the

necessary revisions to the grievance form and to return the revised form to the Offender

Grievance Specialist within five (5) business days from the date that it is returned to the

offender." ECF 14-2 at 10.

Mr. LaCroix submitted three potentially relevant grievances, each of which was

rejected by the grievance office. First, on May 12, 2021, Mr. LaCroix submitted a grievance

stating he'd been tortured in various ways by numerous gangs and correctional officers

over the past 29 months. ECF 14-1 at 5; ECF 14-4 at 2. For relief he requested he be

transferred to a different prison. *Id.* On June 1, 2021, the grievance office rejected this

grievance because it complained of multiple issues, was unintelligible, and sought

---

[1] Because Mr. LaCroix has not responded to Officer Webb's summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of LaCroix's grievance records as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

inappropriate relief. ECF 14-1 at 5; ECF 14-4 at 1. Mr. LaCroix did not revise and resubmit this grievance. ECF 14-1 at 5.

Second, on May 13, 2021, Mr. LaCroix submitted a grievance alleging Officer Webb had antagonized him, threatened him with mace, and allowed other inmates to contaminate his food trays over the past two years. ECF 14-1 at 6; ECF 14-5 at 2. He requested as relief that Officer Webb be punished and lose her job. *Id.* On June 1, 2021, the grievance office rejected this grievance because it complained of numerous issues, was unintelligible, and sought inappropriate relief. ECF 14-1 at 6; ECF 14-5 at 1. Mr. LaCroix did not revise and resubmit this grievance. ECF 14-1 at 6.

Third, on May 31, 2021, Mr. LaCroix submitted a grievance alleging that on May 3, 2021, Officer Wheeler used excessive force against him and that Officer Webb allowed inmates to contaminate his food tray. ECF 14-1 at 6; ECF 14-6 at 2. On June 21, 2021, the grievance office rejected this grievance as untimely because it was submitted more than ten business days after the incident. ECF 14-1 at 7; ECF 14-6 at 1. Mr. LaCroix did not revise and resubmit this grievance to request a time limit extension, nor did he submit any other relevant grievances. ECF 14-1 at 7.

Here, Officer Webb has met her burden to show Mr. LaCroix didn't exhaust his available administrative remedies before filing this lawsuit. Specifically, it is undisputed Mr. LaCroix submitted three potentially relevant grievances, but each grievance was properly rejected by the grievance office, and Mr. LaCroix did not revise and resubmit the grievances, despite having an opportunity to do so. Mr. LaCroix provides no evidence the grievances were improperly rejected or that his administrative remedies were in any

way unavailable. Because the undisputed facts show Mr. LaCroix had available administrative remedies he didn't exhaust before filing this lawsuit, summary judgment is warranted in favor of Officer Webb.

For these reasons, the court:

(1) GRANTS Officer Webb's summary judgment motion (ECF 13); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Tonda Webb and against Terry LaCroix and to close this case.

SO ORDERED.

May 9, 2024                                          *s/ Damon R. Leichty*
                                                    Judge, United States District Court